UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIE M. NELSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. |
| GREETING TEAM, LLC dba CUSTOMER CARE GLOBAL, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, JULIE M. NELSON ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of GREETING TEAM, LLC dba CUSTOMER CARE GLOBAL ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*, the Bankruptcy Discharge Injunction ("Discharge Injunction") pursuant to 11 U.S.C. § 524, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides and conducts business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a consumer over 18-years-of-age residing in Kendall County, Illinois, which is located within the Northern District of Illinois.

5. Defendant is a third-party debt collector focusing on contingency collections, consumer loans, consumer leases, medical collections, and commercial collections.[1] Defendant regularly uses the telephone and/or mail for the purpose of collecting upon consumer debts. Defendant is a limited liability company organized under the laws of the State of Missouri, with its principal place of business and registered agent – Paul Edwards, located at 2500 West Higgins Road, Suite 950, Hoffman Estates, Illinois 60169. Defendant regularly collects from consumers residing within the State of Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## BANKRUPTCY CASE

7. Several years ago, Plaintiff obtained a consumer loan through Nigig, LLC d/b/a DashCashUSA ("DashCash") in order to purchase personal and household goods.

8. As a result of financial hardship, Plaintiff was unable to keep up with timely payments to DashCash and eventually defaulted on the loan, thus incurring debt ("subject debt").

---

[1] https://www.customercareglobal.com/services/

9. In 2018, Plaintiff began experiencing additional financial setbacks, so on December 23, 2018, Plaintiff sought relief through bankruptcy by filing a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 18-35409 ("bankruptcy").

10. Schedule E/F of the bankruptcy petition contained the subject debt, and further listed DashCash as an entity to be provided notice regarding the subject debt being listed in Plaintiff's bankruptcy petition.

11. As a result, on December 28, 2020, the Bankruptcy Noticing Center ("BNC") served DashCash with notice of Plaintiff's Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.

12. On April 1, 2019, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case of all dischargeable debts, including the subject debt.

13. The Order of Discharge expressly stated:

> "This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees."

14. The BNC served DashCash with the Order of Discharge on April 3, 2019.

15. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debt.

16. Plaintiff's personal liability on the subject debt was extinguished via her bankruptcy discharge, thus terminating any business and contractual relationship Plaintiff may have had with DashCash or its agents, successors, assigns, including Defendant.

**DEFENDANT'S POST-DISCHARGE COMMUNICATIONS**

17. In March 2021, Plaintiff was taken aback when she received a call to her cellular phone, (630) XXX-9551, from Defendant.

18. Defendant called Plaintiff using the phone number (217) 262-1027.

19. Upon information and belief, Defendant regularly utilizes the aforementioned phone number ending in -1027 during its debt collection activities.

20. Plaintiff spoke with Defendant's representative, who informed Plaintiff that Defendant was seeking to collect upon the subject debt owed to DashCash.

21. Given the discharged status of the subject debt, Plaintiff was confused by Defendant's conduct and informed its representative of the fact that the subject debt was no longer owed by virtue of her bankruptcy discharge.

**DAMAGES**

22. Plaintiff suffered from emotional distress due to Defendant's unlawful attempts to collect the discharged subject debt as she was led to believe that her bankruptcy had no legal effect. Defendant's calls regarding the discharged subject debt were highly confusing to Plaintiff.

23. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the discharged subject debt.

24. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

25. Defendant's conduct carried with it an appreciable risk of harm – namely, that Plaintiff and consumer alike would be forced to make a payment on a debt that was legally uncollectible, thus rendering the entire bankruptcy system meaningless.

26. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

27. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, monitoring her credit files, and mental and emotional pain and suffering.

28. Concerned about the violations of her rights and protections afforded by her bankruptcy discharge, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

32. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts allegedly owed to a third party.

33. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2019.[2]

---

[2] https://www.acainternational.org/search#memberdirectory

34. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

35. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its debt collection efforts on a debt discharged in bankruptcy.

### a. Violations of FDCPA § 1692e

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The false representation of the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by that or that any communication for the collection of a debt." 15 U.S.C. §1692e(2); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

38. Defendant violated §1692e, e(2), and e(10) by making false representations in its attempts to collect upon the subject debt. Plaintiff listed the subject debt in her bankruptcy filing, and the subject debt was subsequently discharged. Despite Defendant's knowledge of the discharged debt, Defendant defiantly placed calls to Plaintiff's cellular phone in an effort to collect upon the discharged debt.

39. Defendant further violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Defendant attempted to

6

collect upon it by virtue of the Order of Discharge filed in Plaintiff's bankruptcy case. Yet, Defendant continued to misrepresent the legal status of the subject debt by calling Plaintiff and asserting that the debt was due and owing.

### b. Violations of FDCPA § 1692f

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. In addition, this section enumerates specific violations, such as:

> The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. §1692f(1).

42. Defendant violated §1692f by employing unfair and unconscionable means to collect the subject debt. Defendant unfairly continued to collect upon the discharged subject debt, and led Plaintiff to believe that her bankruptcy had no legal effect, despite the fact that Defendant had knowledge that the subject debt was no longer owed.

43. Defendant violated §1692f(1) by attempting to collect upon a debt that was uncollectible as a matter of law, as the discharge injunction precludes collection of any discharged debt.

44. As pled in paragraphs 22 through 28, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JULIE M. NELSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff; and

f.  Award any other relief as this Honorable Court deems just and appropriate.

<b><u>COUNT II – VIOLATIONS OF THE DISCHARGE INJUNCTION</u></b>

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

### a. Section 11 U.S.C. § 524(a)(2)

46. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

47. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

48. Punitive damages may be awarded for violations of the bankruptcy discharge, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez*, 221 B.R. 222, 231 (Bankr. N.D. Ill. 1998). Punitive damages of four to ten times the amount of compensatory damages may be appropriate for willful violations of the bankruptcy injunction. *Id.*

### b. Defendant's conduct was perpetual, willful, and wanton

49. Defendant violated the discharge injunction by willfully attempting to collect the subject debt after having actual notice of Plaintiff's bankruptcy and the discharged status of the subject debt.

50. Defendant, through DashCash, received written notice of Plaintiff's bankruptcy discharge by the BNC.

51. Defendant then attempted to unlawfully collect upon the discharged subject debt by placing collection calls to Plaintiff's cellular phone and asserting that the subject debt is owed, when in fact, the debt was legally uncollectible.

52. Defendant should have implemented procedures and trained its employees in order to discourage and also prevent willful and wanton violations of the Bankruptcy Code.

53. Defendant's conduct demonstrates that it has no such system in place to protect the rights of innocent consumers under the protection of the Bankruptcy Code.

54. Based on the broad language of the Bankruptcy Code, Defendant willfully sought to collect a debt from Plaintiff in violation of the discharge injunction, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

WHEREFORE, Plaintiff, JULIE M. NELSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Hold Defendant in civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

b. Order Defendant to pay Plaintiff for her actual damages, in an amount to be determined by the Court, as a result of the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

c. Order Defendant to pay punitive damages, in an amount to be determined by the Court, for the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

d. Order Defendant to pay Plaintiff her reasonable legal fees and expenses for violations of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

e. Enjoining Defendant from further contacting Plaintiff; and

f. Provide such other and further relief as the Court may deem just and proper;

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANT

55. Plaintiff restates and realleges paragraphs 1 through 54 as though fully set forth herein.

56. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

57. Defendant's collection efforts constitute "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

58. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

59. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice when it attempted to collect the discharged subject debt from Plaintiff. Once Defendant, through DashCash, was served with the Order of Discharge, it had more than enough information to know that the subject debt was no longer collectible. Yet, Defendant continued to place phone calls to Plaintiff's cellular phone in an effort to collect upon the discharged subject debt. It was unfair for Defendant to continue to collect upon the subject debt in defiance of the Order of Discharge. Consequently, Defendant misrepresented Plaintiff legal rights during the course of its debt collection business.

60. Following its characteristic behavior in harassing innocent consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment for a debt that she no longer owes. Further, Defendant intended that Plaintiff rely on its unfair and deceptive conduct, as despite having knowledge that the subject debt was discharged, Defendant still attempted to collect upon the same.

61. Plaintiff lacks a meaningful choice to go about avoiding Defendant's conduct, as she filed bankruptcy and was granted an Order of Discharge, which was subsequently served upon Defendant. Despite Plaintiff's efforts, Defendant still attempted to collect upon the discharged subject debt, which places an unreasonable burden on Plaintiff to try and address Defendant's conduct. This further underscores the immoral, unethical, oppressive, and unscrupulous nature of Defendant's conduct which is contrary to public policy.

62. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

63. Defendant's conduct of collecting upon discharged debts involves trade practices directed to the market generally and which otherwise implicate consumer protection concerns.

64. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

65. As pled in paragraphs 22 through 28, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

66. An award of punitive damages is appropriate because attempting to collect upon a debt that was already satisfied in full through the judicial process is egregious conduct. Such conduct is hallmark of outrageous, willful, and wanton behavior. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois, and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, JULIE M. NELSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at hearing, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 1st day of April, 2021.　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Taxiarchis Hatzidimitriadis*
　　　　　　　　　　　　　　　　　　　　　　　　Taxiarchis Hatzidimitriadis #6319225
　　　　　　　　　　　　　　　　　　　　　　　　David S. Klain #0066305
　　　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC
　　　　　　　　　　　　　　　　　　　　　　　　333 N. Michigan Ave., Suite 1300
　　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　　　　(267) 422-1000 (phone)
　　　　　　　　　　　　　　　　　　　　　　　　(267) 422-2000 (fax)
　　　　　　　　　　　　　　　　　　　　　　　　teddy@consumerlawpartners.com

　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff, Julie M. Nelson*